IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-00844-NCC |
| ) | |
| BROKER SOLUTIONS, INC., d/b/a NEW ) | |
| AMERICAN FUNDING and JON REED, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS, BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN
FUNDING AND JON REED'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S PETITION**

Comes Now Defendants, Broker Solutions, Inc., d/b/a New American Funding and Jon Reed (hereinafter "Defendants"), by and through its attorneys, Fox Galvin, LLC, and for their Answer and Affirmative Defenses, state as follows:

1. Defendants admit that plaintiff was an employee of Defendant Broker Solutions, Inc. Defendants deny the remaining allegations in paragraph 1, including but not limited to any suggestion that they engaged in acts of retaliation and/or discrimination.

2. Defendants deny the allegations in paragraph 2.

**PARTIES**

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, deny same.

4. Defendant admits that NAF has a St. Louis, Missouri office located at 55 Westport Plaza Drive, Suite 100, St. Louis, Missouri 63146. Defendant NAF denies the remaining allegations

in paragraph 4 because Defendant NAF is incorporated and maintains its principal place of business in California.

5. Defendant Reed admits the allegations contained in paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.

## CONDITION PRECEDENT

7. Paragraph 7 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 7.

8. Paragraph 8 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 8.

9. Paragraph 9 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 9.

## FACTUAL ALLEGATIONS

10. Defendants admit that plaintiff was hired by Defendant NAF on or about December 31, 2013. Defendants further admit that plaintiff worked in the role of branch manager and area manager prior to her resignation. Defendants deny the remaining allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants admit that plaintiff resigned her position at NAF on March 11, 2016. Defendants deny the remaining allegations contained in paragraph 19.

20. Defendants admit that plaintiff was granted medical leave. Defendants deny the remaining allegations contained in paragraph 20.

21. Defendants admit that as of the date of plaintiff's resignation she was a female and forty-six years old. Defendants deny the remaining allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

## LEGAL CLAIMS

### COUNT I – Unlawful Employment Discrimination on the Basis of Disability in Violation of the Missouri Human Rights Act, § 213.010, *et seq*.
### (Against All Named Defendants)

23. Defendants hereby incorporate by reference its responses to paragraph 1-22 as if fully set forth herein.

24. Paragraph 24 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Paragraph 31 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 31.

**COUNT II – Unlawful Employment Discrimination on the Basis of Age in Violation of the Missouri Human Rights Act, § 213.010, *et seq*.**
**(Against All Named Defendants)**

32. Defendants hereby incorporate by reference its responses to paragraph 1-31 as if fully set forth herein.

33. Paragraph 33 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 33.

34. Defendants admit that plaintiff was forty-six years old at the time of her resignation. Defendants deny the remaining allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Paragraph 40 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 40.

**COUNT III – Unlawful Employment Discrimination on the Basis of Sex in Violation of the Missouri Human Rights Act, § 213.010, *et seq*.**
**(Against All Named Defendants)**

41. Defendants hereby incorporate by reference its responses to paragraph 1-40 as if fully set forth herein.

42. Paragraph 42 calls for a legal conclusion to which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43. Defendants admit that plaintiff is female.  Defendants deny the remaining allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Paragraph 48 calls for a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations in paragraph 48.

**COUNT VI – Unlawful Retaliation in Violation of
the Missouri Human Rights Act, § 213.010, *et seq*.
(Against All Named Defendants)**

49. Defendants hereby incorporate by reference its responses to paragraph 1-48 as if fully set forth herein.

50. Paragraph 50 calls for a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

55. Paragraph 55 calls for a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations in paragraph 55.

**AFFIRMATIVE DEFENSES**

1. This Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in plaintiff's Mutual Arbitration Agreement, signed and dated March 14, 2014.

2. Plaintiff has failed to state a cause of action upon which relief may be granted.

3. Plaintiff cannot establish her *prima facie* case of age discrimination because her age was not a contributing factor to any employment-related decisions made by Defendants.

4. Plaintiff cannot establish her *prima facie* case of sex discrimination because her sex was not a contributing factor to any employment-related decisions made by Defendants.

5. Plaintiff cannot establish her *prima facie* case of disability discrimination because her alleged disability was not a contributing factor to any employment-related decisions made by Defendants.

6. Plaintiff's claims against Defendant Jon Reed fail because he does not qualify as an employer as that term is defined in Section 213.010(7) of the Missouri Human Rights Act and the case law interpreting the same. Specifically, Defendant Jon Reed did not directly oversee and was not involved in the alleged discriminatory conduct.

7. Any damages recoverable by plaintiff should be reduced to the extent that damages could have been avoided had she exercised reasonable efforts to mitigate her damages.

8. To the extent plaintiff seeks punitive damages, defendant specifically incorporates by reference any and all standards of limitations regarding the determination and enforceability of punitive damage awards under federal and/or Missouri law.

9. Any punitive damages awarded to plaintiff may violate the due process clause of the Fourteenth Amendment to the United States Constitution.

10. Defendants did not act with malice, ill will, evil motive or reckless indifference in making decisions concerning plaintiff's employment with Defendant, and thus punitive damages are not warranted.

11. Plaintiff's claims are barred by the applicable limitations period.

12. Plaintiff has not sustained any damages as alleged in plaintiff's Petition.

13. Plaintiff cannot establish that Missouri public policy favors granting a judgment against defendant.

14. Plaintiff cannot sustain her burden of proving that the evidence has clearly and convincingly establish the propositions of fact required for the recovery of punitive damages.

15. Defendants did not render plaintiff's working conditions intolerable resulting in her resignation from employment.  Moreover, a reasonable person would not find that plaintiff's working conditions were intolerable resulting in her alleged constructive discharge.

16. Plaintiff's constructive discharge claim fails because she has failed to allege, and cannot prove, that she was subject to a continuous pattern of discriminatory treatment.

17. Plaintiff did not complain of alleged discrimination to Defendants and/or was not retaliated against by Defendants.  In the alternative, plaintiff's alleged complaint of employment discrimination based on disability was not a contributing factor in her purported constructive discharge.

18. Plaintiff did not complain of alleged discrimination to Defendants and/or was not retaliated against by Defendants.  In the alternative, plaintiff's alleged complaint of employment discrimination based on sex was not a contributing factor in her purported constructive discharge.

19. Plaintiff did not complain of alleged discrimination to Defendants and/or was not retaliated against by Defendants.  In the alternative, plaintiff's alleged complaint of employment discrimination based on age was not a contributing factor in her purported constructive discharge.

20. Plaintiff did not complain of alleged harassment or discriminatory treatment. In the alternative, plaintiff's alleged complaint of harassment and/or discriminatory treatment was not a contributing factor in her purported constructive discharge.

21. Upon notice of plaintiff's alleged harassment and/or discriminatory treatment, Defendants exercised reasonable care to prevent and promptly correct the alleged behavior. Plaintiff failed to take advantage of Defendants' preventive and/or corrective opportunities available to her.

22. Defendants reserve their right to amend their answer to plaintiff's Petition to assert additional and/or revise their existing affirmative defenses, based on the evidence, which become known to it, during the course of discovery in this matter.

WHEREFORE, Defendants, Broker Solutions, Inc. d/b/a New American Funding and Jon Reed, pray that after due proceedings are had, this Court enter an order and judgment dismissing plaintiff's Petition with prejudice and granting defendants all legal and equitable relief to which they are entitled.

## Jury Demand

**DEFENDANTS DEMAND A TRIAL BY JURY.**

FOX GALVIN, LLC


By:   /s/ Jonathan H. Garside
Richard B. Korn, # 54570MO
rkorn@foxgalvin.com
Jonathan H. Garside, # 48523MO
jgarside@foxgalvin.com
Margaret D. Gentzen, #
mgentzen@foxgalvin.com, # 64862MO
Attorneys for Defendant Broker Solutions
 d/b/a New American Funding
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)


**CERTIFICATE OF SERVICE**

  I hereby certify that on March 14, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley A. Winters
Ms. Bridget L. Halquist
Sher Corwin Winters LLC
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
314-499-5240 (direct)
bwinters@scwstl.com
bhalquist@scwstl.com

ATTORNEYS FOR PLAINTIFF


/s/ Jonathan H. Garside